JOHNSON v. DAWKINS.

1. Action upon an administration bond may be prosecuted in the name of the Probate judge, as successor of the ordinary to whom the bond was given. The decision in *Kaminer* v. *Hope*, 9 *S. C.* 253, stated.
2. This court can only affirm, reverse or modify judgments of the courts below; therefore, in reversing a decree which sustained a demurrer to the complaint, it has no power to grant leave to defendant to answer over.

---

Before KERSHAW, J., Union, June, 1883.

This was an action commenced in May, 1883, by David Johnson, Jr., as Judge of Probate for Union county, against Mary P. Dawkins, as executrix of Thomas N. Dawkins, deceased, who had signed as surety the administration bond of William J. Keenan, as administrator of Clinton Wilson, deceased, to recover the balance due upon the judgment rendered against Keenan in an accounting had in the Court of Equity. See *Koon* v. *Munro*, 18 *S. C.* 374. The defendant demurred to the complaint upon grounds which substantially raised the point that the plaintiff could not maintain the action.

The order of the Circuit judge, sustaining this demurrer, was as follows:

By the act of 1789, (5 *Stat.* 110, § 21,) administration bonds were to be made payable to the justices of the county court, or to the ordinary, and might have been sued by any person injured by the breach thereof. Afterwards they were directed to be made payable to the ordinary, and now are required to be drawn payable to the Probate judge, (*Gen. Stat.,* § 1899,) and may be sued as prescribed in section 1885, to wit, " by any person injured by the breach of the condition." The practice formerly was to enter upon the record the names of the persons for whose benefit the suit was brought in the name of the ordinary (*Ordinary* v. *Johnsey,* 6 *Rich.* 355). Only the persons injured by the breach of the bond could recover money in the suit brought upon the bond.

The prayer of this complaint is that the plaintiff recover the money alleged to be due to the estate of the intestate. There is no law authorizing him to receive the money, and no one else appears in the record as a party to whom it could be paid. The plaintiff is not a trustee entitled to recover the money and to disburse it. His only duty in regard to the bond is to take care of and hold it as a record of his office for the benefit of the parties intended to be protected by it. There is no analogy with the former practice, whereby, when the bond was payable to a person having no interest, the obligee was held a trust for the benefit of the real party in interest, to the extent that suit might be brought in his name for the benefit of the real parties, for " it is no longer, consistently with the provisions of the code, possible for one person to sue to the use of another. The persons beneficially interested must themselves bring the action." *Pom.,* § 138 ; *Kaminer* v. *Hope,* 9 *S. C.* 253.

If the condition of the bond had required the payment of the money demanded to the ordinary, for the benefit of the parties entitled thereto, the action would have been properly brought, for the plaintiff would, in that case, have been the trustee of an express trust, or a person in whose name a contract had been made for the benefit of another authorized by the code to sue. But, by the terms of the bond, the obligors are required to pay to the persons entitled by law, and there is no law entitling the ordinary, or the plaintiff as his successor in office, to receive

the money claimed under the bond, and, as has been said, he is only a trustee to hold the bond, and not to recover or receive money under it. If the money should be paid to him, his sureties would not be liable for it (*State* v. *White*, 10 *Rich.* 442), and such payment would not protect the defendant from liability for the same to a party "injured by a breach of the bond." There is no one before the court in this case who could receive the money if its recovery should be adjudged. This is an anomaly, for, should a judgment be rendered against the defendant, who would be entitled to have execution for it?

It is adjudged that the demurrer be sustained and the complaint dismissed, with costs to the defendant.

From this judgment the plaintiff appealed upon the following grounds: "1. For that his Honor held that the Judge of Probate was not the proper person to bring this action. 2. For that his Honor sustained the defendant's demurrer herein. 3. For that his Honor dismissed the complaint herein without granting leave to the plaintiff to amend the same by substituting or adding the names of proper parties."

*Messrs. Rion & McKissick,* for appellant.

*Messrs. Shand & Culp,* contra.

March 10th, 1884. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. This appeal involves the question, whether an action on an administration bond given to the Probate judge, his successors, &c., can be brought in the name of the Probate judge in office at the time of the action, or should it be brought in the name of the parties entitled to the money? The Circuit judge held, that the parties interested should bring the action, and sustained a demurrer below on that ground, the action having been instituted in the name of the Probate judge.

In sections 132 and 134 of the code is found the law, under the reformed procedure as to parties plaintiff, and the question here presented must be decided by the requirements of these sections. Section 132 provides, that every action must be

brought in the name of the real party in interest, except as otherwise provided in section 134. The exception in section 134 is, that executors or administrators, a trustee of an express trust or a person authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted, and it then declares that a trustee of an express trust, within the meaning of the section, shall be construed to include a person with whom or in whose name a contract is made for the benefit of another. Now it is apparent that the Probate judge is not the real party in interest in the bond sued on here. True, he is the official to whom the bond is made payable, and he is the legal custodian thereof, but the bond was not executed to secure any interest of his, nor is he entitled to receive any money that may be due thereon, as, by the terms of the bond itself, the funds intended to be secured are to be delivered to such persons respectively as might be entitled to the same by law. And it is equally apparent that the administrator *de bonis non* of the estate of Clinton Wilson is the real party in interest. Unless, therefore, the plaintiff falls within the exception of section 134, the demurrer was properly sustained.

But does not the plaintiff fall within the exception mentioned? Is he not a trustee of an express trust within the terms and meaning of said section? He is certainly, as successor, the party with whom the contract of defendant's testator was made. It is plain, too, as has been already said, that said contract was not made for his benefit, but was made for the benefit of another. These facts, which are obvious, clearly bring him within the language of the section, and expressly place him within the exception which permits the class mentioned to sue. This conclusion seems inevitable when these sections are construed in themselves, and when interpreted through their own terms.

Let us next examine the authorities and decided cases. We do not think that those cases decided in this State since the abolition of the old Court of Equity, in which it was held that the clerk of the court is the proper person to bring suit on bonds payable to the commissioner in equity, throw any light on the question. The bonds in these cases were money bonds payable to the commissioner, who was authorized and entitled to recover

the amounts due, and the right of the clerk to sue, turned upon the construction of the act of assembly, which, upon the destruction of the office of commissioner, transferred the books, records, &c., of said office to the several clerks of the Circuit Courts, and the question in these cases was, whether the act in question gave the clerks power to sue and collect these bonds. The case before us does not involve that question.

Nor is the former practice in suits on bonds given to the old ordinary of much assistance in reaching a correct conclusion. That practice, which was universal, recognized as the only correct mode of suing such bonds that the name of the ordinary should be used as plaintiff, though it was always well understood that the action was brought for the benefit of the persons interested in the estate, and not for the benefit of the ordinary. This practice, however, grew up when the code was unknown and when it was the law that the legal owner could alone sue or be heard. The code has since made a radical change on this subject, and we must look to it, and be governed by its provisions, if any, regardless of the former practice; therefore such practice is unimportant.

The case in our reports which comes nearest to the question, is the case of *Kaminer* v. *Hope*, 9 *S. C.* 253. But that case decides nothing more than that distributees, as the real parties in interest, could sue on such bonds. It did not decide that the Probate judge could not. This decision was in full accord with the provisions of the code, *supra*, for these provisions in no sense inhibit, either directly or indirectly, or by implication, distributees from bringing such actions. It declares that the real party must sue, except where the contract is made with one for the benefit of another, then the party with whom the contract is made may sue. In such last cases the term "must," as applied to the real party in interest, is expunged, and yet there is no imperative necessity for the Probate judge to sue. The action is not objectionable, however, because he does sue. For the effect of the two sections, when construed together, is to allow either the real party in interest or the Probate judge to sue. The term "must" being expunged, the substance of the two sections would be as follows: Either the real party in interest or the party

with whom a contract is made for another may institute an action on such contract. This is the doctrine, as we understand, which Mr. Pomeroy announces in his work on Remedies and Remedial Rights. And no writer has gone further than Mr. Pomeroy in pressing the code to its extreme limit. Such, too, is the doctrine in New York. *People* v. *Norton*, 9 *N. Y.* 176.

The fact that the Probate judge was not authorized to enforce the judgment is not sufficient argument against these positions. The practice which formerly prevailed in suits on the bond of the sheriff, of allowing a judgment for the penalty to be obtained for the security of all parties interested, and then by suggestion for each to have his particular demand assessed, is a safe and convenient practice on such bonds, much better than to require the real parties in interest to sue, who may be widely separated from each other, and many of them under disabilities of infancy or otherwise. *State* v. *Moses*, 18 *S. C.* 371. The argument of convenience is decidedly in favor of this practice.

The respondent asks in the event that the judgment below is overruled, that he may have leave to answer over. If it was within our power to grant such an order, we would have no hesitation in doing so, as it is manifest that the demurrer was interposed in good faith. But this court is confined to the review of the judgment below with power to affirm, modify or reverse. The court below has passed no judgment upon respondent's right to answer over, and, therefore, this question is not before us. When the case goes back, the respondent will have an opportunity to move for leave to answer, which will no doubt be granted him.

It is the judgment of this court that the judgment of the Circuit Court be reversed.